UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | | |
|---|---|---|
| SHEILA BRYANT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7: 05-364-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JO ANNE BARNHART, | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Sheila Bryant and Defendant Jo Anne Barnhart, Commissioner of Social Security ("Commissioner"). [Record Nos. 4, 5] Through this action, Bryant seeks to reverse the decision of the administrative law judge ("ALJ") concluding that she was not entitled to Social Security benefits. However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Bryant.

**I.   BACKGROUND**

The Claimant filed an application for disability insurance benefits on June 1, 2001. After her application was denied, she requested a hearing before an ALJ. The hearing was held June 18, 2002, with a supplemental hearing held February 21, 2003. The ALJ denied her application on August 13, 2003. Bryant then requested a review before the Appeals Council, which upheld the ALJ's determination. This appeal followed.

Bryant was 38 years old at the time she filed for disability insurance benefits. She is a high school graduate and has held numerous jobs, including owning a grocery store and working as a teacher's aid. Bryant claims she has been disabled since August 24, 2000, due to back and neck pain, anxiety and depression. The ALJ found that Bryant had severe impairments in her back and an anxiety disorder. However, he concluded that she did not meet the criteria for disability under 20 C.F.R. §404. Based on the medical evidence in the record, the ALJ determined that Bryant possessed the residual functional capacity ("RFC") to perform medium work with only occasional limitations, and had only moderate psychological limitations. (Tr. 584-585) After presenting these limitations to the Vocational Expert, the ALJ determined that Bryant was capable of performing a significant number of jobs in the regional economy. *Id.*

## II.     LEGAL STANDARD

A claimant's Social Security disability determination is made by an ALJ in accordance with a five-step analysis. If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step.

First, a claimant must demonstrate that she is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. §§ 404.1520(b), 416.920(b) Second, a claimant must show that she suffers from a severe impairment. 20 C.F.R. §§ 404.1520(c), 416.920(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months, which meets or equals a listed impairment, she will be considered disabled without regard to age, education, and work experience. 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, if the Commissioner

cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the claimant's residual function capacity ("RFC") and relevant past work to determine if she can do past work. If she can, she is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f).

Under the fifth step of this analysis, if the claimant's impairment prevents her from doing past work, the Commissioner will consider her RFC, age, education and past work experience to determine if she can perform other work. If she cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002), (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Wyatt v. Secretary of Health and Human Services*, 974 F.2d 680, 683 (6th Cir. 1992). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court." *Mullen v. Hilton*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quotes and citations omitted).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v. Secretary of Health and Human Services*, 708 F.2d 1048, 1053 (6th Cir. 1983). While

significant deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Garcia v. Secretary of Health and Human Services*, 46 F.3d 552, 555 (6th Cir. 1995); *Felisky v. Hilton*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Secretary of Health and Human Services*, 893 F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). It is the job of the ALJ to make credibility findings after listening to testimony, observing the claimant's demeanor, and evaluating the testimony in light of the written evidence. Credibility determinations are particularly within the province of the ALJ. *Gooch v. Secretary of Health*

*and Human Services*, 833 F.2d 589 (6th Cir. 1987); *Villarreal v. Secretary of Health and Human Services*, 818 F.2d 461, 464 (6th Cir. 1987).

### III.     ANALYSIS

Bryant's sole argument is that the ALJ erred by failing to re-contact one of her treating physicians, Dr. Iyer. However, a review of this matter indicates that the ALJ actually discounted the opinions of both of Bryant's treating physicians. He rejected Dr. Narola's conclusion that Bryant was psychologically unable to work, noting that opinion was inconsistent with Bryant's own statements to other doctors as well as Dr. Narola's own treatment notes. (Tr. 38) The ALJ also discounted Dr. Iyer's opinion regarding Bryant's physical capacity because it was inconsistent with the overwhelming weight of other medical testimony. *Id.*

Bryant argues that the ALJ should have re-contacted Dr. Iyer to "obtain additional information and clarification of Dr. Iyer's functional capacity assessment . . ." [Record No. 4, pg. 5] Title 20 C.F.R. Section 404.1512(e) provides, in relevant part:

> Recontacting medical sources. When the evidence we receive from your treating physician or psychologist or other medical source is *inadequate* for us to determine whether you are disabled, we will need additional information to reach a determination or a decision. To obtain the information, we will take the following actions.
>
> (1) We will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available. We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques. We may do this by requesting copies of your medical source's records, a new report, or a more detailed report from your medical source, including your treating source, or by telephoning your medical source.

> In every instance where medical evidence is obtained over the telephone, the telephone report will be sent to the source for review, signature and return.

(emphasis added).

The ALJ was correct that the record did not support the conclusion that Bryant could at best perform at a light RFC. Unsupported conclusions, even from treating physicians, are not accorded any particular deference. 20 C.F.R. § 404.1527(d)(2). Substantial evidence supported the ALJ's decision to reject Dr. Iyer's disability determination. Thus, 20 C.F.R. §§ 404.1512(e) and 416.912(e) did not apply because there *was* sufficient evidence in the record for the Commissioner to determine whether Bryant was disabled. There was no conflict or ambiguity in Dr. Iyer's report that required clarification. Rather, the problem with his report was its lack of objective evidence to support the claims and its inconsistency with the record.

Further, a Social Security Claimant is required to provide proof of his disability. 20 C.F.R. § 416.913(c). When the Claimant does not present all of the evidence to the Commissioner, the Commissioner makes her determination based upon the available information. 20 C.F.R. § 416.916. "It is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so." *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If Bryant wished to have the ALJ consider other evidence form Dr. Iyer, she should have provided it. However, she has not identified what evidence was lacking from the record before the ALJ. Instead, she has attempted to use an unrelated provision of the Code of Federal Regulations to require remand in search of information: (1) she cannot even identify and (2) assuming such evidence exists, she was required to provide without assistance from the Commissioner.

## IV.     CONCLUSION

The ALJ considered Dr. Iyer's disability determination and properly discounted it. Substantial evidence in the record supported this conclusion. Accordingly, it is hereby **ORDERED** as follows:

(1)     Claimant's Motion for Summary Judgment [Record No. 4] is **DENIED**;

(2)     The Commissioner's Motion for Summary Judgment [Record No. 5] is **GRANTED**; and

(3)     The administrative decision will be **AFFIRMED** by separate judgment entered this date.

This 2nd day of May, 2006.



Signed By:
*Danny C. Reeves* DCR
United States District Judge